IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY A. BAXTER, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01207-STA-jay |
| | ) | |
| GRADY PERRY, | ) | |
| | ) | |
|     Respondent. | ) | |

**ORDER DISCHARGING SHOW CAUSE ORDER, DENYING MOTION FOR JUDICIAL NOTICE, AND SETTING TIME FOR PETITIONER'S RESPONSE**

On October 15, 2018, Petitioner Timothy Aaron Baxter filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent Grady Perry has moved to dismiss the Petition. (ECF No. 22.) Before the Court is Baxter's submission styled "Motion to Take Judicial Notice" (ECF No. 25), as well as his response (ECF No. 28) to the Court's order (ECF No. 27) directing him to show cause why the case should not be dismissed. For the following reasons, the Show Cause Order is **DISCHARGED**, the "Motion to Take Judicial Notice" is **DENIED**, and Petitioner is **GRANTED** until February 21, 2020, to submit his response to the Motion to Dismiss.

By order dated April 15, 2019, the Court directed Respondent to respond to the Petition. (ECF No. 9.) On July 18, 2019, attorney Terry Lee Dicus, Jr., filed an appearance as counsel for Petitioner. (ECF No. 18.) After three extensions of time (*see* ECF Nos. 13, 15, 17), Respondent filed, on August 6, 2019, the state court record (ECF No. 20) and a Motion to Dismiss the Petition (ECF No. 22). In the accompanying certificate of service, Respondent represented that he had served the state court record on Petitioner's counsel. (ECF No. 21.) Two days later,

attorney Dicus filed a Motion to Withdraw as Baxter's counsel, explaining that his "client has a significant amount of cases and counsel filed the Notice of Appearance under the wrong docket number." (ECF No. 23 at 1.) The Court granted the Motion the same day. (ECF No. 24.)

On September 23, 2019, Petitioner filed his "Motion to Take Judicial Notice," arguing that the Court should "grant[] the petition on default" and should impose sanctions for Respondent's failure to file the state court record and a response to the Petition. (ECF No. 25 at 2.) Respondent filed a notice on January 15, 2020, informing the Court that he "was contacted via email by Petitioner's mother, who conveyed Petitioner's request that he be served with" the state court record and the Motion to Dismiss. (ECF No. 26 at 1.) He represented that, his "review of the docket [in the present case] reveal[ed] that Petitioner was served with" the state court record, "but that opposing counsel was served with" the Motion to Dismiss. (*Id.*) Respondent, therefore, "sent paper copies" of those entries to Petitioner "on the 15th day of January, 2020." (*Id.* at 2.) By Order on January 27, 2020, the Court directed Petitioner to show cause why the Petition should not be dismissed for his failure to notify the Clerk of Court of his change of address. (ECF No. 27.)

In his timely response to the Show Cause Order, Baxter alleges that he believed he was not required to notify the Court of his new address because he "was under [the] impression [that] attorney Terry Dicus was representing him in this matter." (ECF No. 28 at 1.) The allegation is somewhat suspect, given the timing and form of Baxter's Motion for Judicial Notice. Petitioner filed that Motion six weeks after the Court granted counsel's Motion to Withdraw his representation, and he did so *pro se*. Nevertheless, because Respondent would not be prejudiced by the Court's resolution of his Motion to Dismiss in lieu of a dismissal for lack of prosecution, and in recognition of Petitioner's *pro se* status, the show cause order is **DISCHARGED**.

The Court construes the Motion for Judicial Notice as a motion for default judgment. The Motion must be denied because its underlying premise—that Respondent failed to file the state court record and a response to the Petition—is incorrect. As noted, those submissions were made, but served on opposing counsel in the first instance, and on Baxter himself sometime later. The motion is also not well-taken because default judgments are not permitted in § 2254 cases. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Accordingly, the "Motion for Judicial Notice" is **DENIED**.

In his show cause response, Petitioner states that he is currently preparing his brief in opposition to the Motion to Dismiss, and he asks for leave to file that document at some unspecified time in the near future. As discussed, the paper versions of the state court record and the Motion to Dismiss were served on him by United States Mail on January 15, 2020. On April 15, 2019, the Court ordered that Petitioner could have twenty-eight days from service of Respondent's motion to file a response. (ECF No. 9 at 2.) His response would, therefore, be due sometime around February 12, 2020. Nevertheless, Baxter will be allowed several additional days to submit his brief. Accordingly, it is **ORDERED** that Petitioner shall file his response no later than February 21, 2020. No further extensions of time will be entertained.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 10, 2020.