IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY A. BAXTER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:18-cv-01207-STA-jay |
| ) | |
| **GRADY PERRY,** ) | |
| ) | |
| Respondent. ) | |

ORDER DISMISSING § 2254 PETITION,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Timothy A. Baxter has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent Grady Perry has moved to dismiss the Petition. (ECF No. 22.) For the following reasons, the motion is **GRANTED**.

BACKGROUND

In December 2001, Petitioner pleaded guilty in the Madison County, Tennessee, Circuit Court, Case Number 01-915, to possessing methamphetamine, marijuana, and drug paraphernalia, possessing a firearm while a convicted felon, and manufacturing methamphetamine (hereinafter the "drug convictions"). *Baxter v. Parker*, No. W2004-01451-CCA-R3-HC, 2004 WL 2821231, at *1 (Tenn. Crim. App. Dec. 8, 2004); (ECF No. 20-1 at 1–7.) He also pleaded guilty at that time to theft in a different case (hereinafter the "theft conviction"). *Baxter*, 2004 WL 2821231, at *1. He received a sentence of six years' incarceration for the drug convictions and a consecutive six-year sentence for the theft conviction, for a total effective sentence of twelve years. *Id.*

In a series of state court filings from 2004 to 2017, Baxter unsuccessfully sought relief from the sentences imposed for his drug and theft convictions.  *See id.*; *Baxter v. State*, No.

W2017-01073-CCA-R3-HC, 2018 WL 3954180, at *1 (Tenn. Crim. App. Aug. 16, 2018); *Baxter v. State*, No. W2006-01667-CCA-R3-PC, 2007 WL 2822905, at *1 (Tenn. Crim. App. Sept. 26, 2007); (ECF Nos. 20-7 at 28–32, 20-14 at 211–13, 20-15 at 9–10.)

## DISCUSSION

Baxter filed his Petition on October 15, 2018. (ECF No. 1 at 1.) He challenges his drug convictions, asserting that he was "arrest[ed] without a warrant" (*id.* at 5), "[t]he State deliberately concealed and suppressed evidence" (*id.* at 7), counsel was ineffective at the plea stage (*id.* at 9), and that "his convictions and sentence of twelve years were obtained in violation of his Federal Constitutional Rights due to pervasive government misconduct" (*id.* at 11). He also alleges that he "is actually innocent" of the crimes. (*Id.* at 11.) On August 6, 2019, Respondent filed his motion to dismiss the Petition. (ECF No. 22.) He argues that the pleading was filed after the expiration of the statute of limitations (ECF No. 22-1 at 5–7) and that Petitioner is no longer in state custody on the drug convictions (*id.* at 8–9). Petitioner filed a Reply, insisting that his claims are properly before the Court. (ECF No. 30.)

**I.    "In Custody" Requirement**

"A federal court has jurisdiction to grant a § 2254 petition only if the petitioner was 'in custody' for the conviction under attack at the time he filed his petition." *Lusane v. Harris*, No. 19-3138, 2019 WL 4046735, at *2 (6th Cir. July 5, 2019) (unpublished) (quoting 28 U.S.C. § 2254(a)) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001) (per curiam)). Accordingly, "[w]hen the petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Id.* (citing *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)). Moreover, the "[c]ollateral consequences of a conviction for which the sentence has expired, such as when a current sentence is enhanced by a prior conviction,

are insufficient to render a petitioner 'in custody' under § 2254(a)." *Id.* (citing *Maleng*, 490 U.S. at 492; *Lackawanna*, 532 U.S. at 403–04). *Id.* "Nevertheless, there are three possible exceptions that would allow federal court review of a state conviction with a fully expired sentence: where the conviction was obtained without the benefit of counsel; 'where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented'; and where subsequently obtained compelling evidence demonstrates actual innocence." *Parks v. Knight*, No. 18-3863, 2019 WL 4391455, at *2 (6th Cir. Jan. 4, 2019) (unpublished) (quoting *Abdus-Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005)) (citing *Lakawanna*, 532 U.S. at 405).

As discussed above, Baxter was sentenced to six years' incarceration for his 2001 drug convictions, imposed consecutively to the six years he received for the theft conviction. By the time he filed his second state habeas corpus petition in 2017, both of those sentences had expired and his continued confinement was due to a twelve-year sentence imposed in Madison County Circuit Court for aggravated assault. (*See* ECF No. 20-15 at 10 (dismissing Baxter's second habeas petition and finding that he "is no longer restrained by the judgment entered in the above styled case but [he] was released due to the expiration of the sentence on November 13th 2010," and that he "is currently serving a twelve year sentence out of Madison County for aggravated assault in case # 11-250").) On August 16, 2018, in the last state court decision addressing Petitioner's attempt to challenge his drug convictions, the Tennessee Court of Criminal Appeals confirmed that Baxter's sentence for those offenses "has been served and has expired[.]" *Baxter*, 2018 WL 3954180, at *3. Baxter is, therefore, no longer "in custody" for purposes of § 2254.

Nevertheless, he asserts that he is attacking the drug convictions because they were used to enhance the sentence he is currently serving. (ECF No. 1 at 16.) Acknowledging that he may not do so unless he meets one of *Lackawanna*'s exceptions, he argues that all three exceptions apply in his case. (ECF No. 30 at 10–13.) The argument is not well-taken.

Regarding the first exception, Baxter insists, despite having been represented by counsel, that his attorney's *ineffective assistance* denied him representation. (ECF No. 30 at 13.) *Lackawanna* is clear, however, that the exception requires a complete absence of counsel. *See Lackawanna*, 532 U.S. at 404–05; *see also Tatum v. Wolfenbarger*, No. 08-CV-10988, 2009 WL 211043, at *3 n.1 (E.D. Mich. Jan. 28, 2009) (citing *Lackawanna,* 532 U.S. at 404–05) ("While Petitioner does allege ineffective assistance of counsel, he must in fact never have been appointed counsel in order for the first exception to apply.") Therefore, Petitioner's case does not fall under the first exception.

Regarding the second exception, Petitioner asserts that he has new, previously concealed evidence of his actual innocence. (ECF No. 30 at 3.) He describes the "new" evidence as follows:

1. "[O]n September 26, 2001, (a day before [his] arrest in Madison County) three . . . individuals were arrested by the Dickson County Police Department (DCPD) outside the jurisdiction of Madison County. This material information of Petitioner's actual innocence was deliberately screened out and withheld from him." (*Id.*)

2. "On September 27, 2001, the Madison County Sheriff's Department (MCSD) along with DCPD conducted a raid at 10 [H]ay[e]s Branch Trail where Petitioner and Gary Jackson were innocent bystanders. A press release was issued by MCSD indicating 'A joint investigation along with DCPD reveals Mr. Baxter resident of 10 [H]ays [B]ranch [T]rail was found with a clandestine meth lab.'" (*Id.* at 3–4.)

3. "Contrary to the press release[,] . . . a concealed note by MCSD indicat[ed] 'no lab found.'" (*Id.* at 4.)

4. "[A]n offer by the lead prosecutor Al Earls to plead guilty *omits* any reference to Manufacturing methamphetamine." (*Id.* (emphasis in original).)

> 5. The items listed in the property "inventory sheet" for the search of the residence at 10 Hayes Branch Trail are not the same "items to be found in [the] press release and [the] improperly sworn affidavit." (*Id.*)

In support, Petitioner relies on evidence he submitted in his coram nobis proceeding. Specifically, he proffers portions of the arrest records of the three individuals arrested in Dickson County the day before he was arrested in Madison County (ECF No. 20-14 at 52–58); the press release (*id.* at 62); the prosecutor's handwritten notes containing the notation "no lab" (*id.* at 63); a fax cover sheet containing a plea offer (*id.* at 148); the "State Warrant, Affidavit of Complaint" for Petitioner's arrest (*id.* at 58); and a copy of the inventory sheet listing items seized from the residence at 10 Hayes Branch Trail (*id.* at 205).

Baxter's argument is that he is actually innocent of manufacturing methamphetamine because the evidence, allegedly concealed by the prosecution, shows that there was no meth lab in Madison County, and that the State, through an "improperly sworn [arrest warrant] affidavit," used "Dickson County meth lab evidence in order to [charge him] in Madison County for manufacturing methamphetamine." (ECF No. 1 at 7.) The argument is rejected because the evidence is not new and does not establish his actual innocence.

First, although the documents do reveal that three people were arrested in Dickson County for conspiracy to manufacture methamphetamine (*see* ECF No. 20-14 at 55), they do not show that the arrest warrant affidavit relied on the evidence seized from those offenders. The affidavit states that "[i]nvestigators with Metro Narcotics conducted a search warrant in 10 Hayes Branch Trail." (*Id.* at 59 (irregular capitalization omitted).) "Upon entering the residence contact was made with Mr. Baxter in the living room," and "[a] search of the residence was conducted." (*Id.* (irregular capitalization omitted).) The affidavit lists the numerous items that were found during the search. (*Id.*) Most of the items listed in the inventory sheet for the residence are included in the affidavit.

(*Compare id.* at 205 *with id.* at 59.)¹ The items appearing in the affidavit that are not listed in the inventory sheet are things retrieved during the "search of the exterior" of the Hayes Branch Trail home. (*Id.* at 59 (irregular capitalization omitted).) Those items include "waste leftover from a working lab, and a cooler stained with iodine and red phosphorus." (*Id.* (irregular capitalization omitted).) These lab-related things are not, however, listed in the inventory sheet for the search conducted in Dickson County. (*See* id at 52–54.) In fact, the Dickson County search was of a vehicle, not a house. (*See id.* at 52–54, 57–58.) The press release, moreover, is consistent with the events and items described in the affidavit, not in the Dickson County documents. (*See id.* at 206.) Accordingly, the documents do not support Petitioner's theory that the Dickson County case was used to charge him with manufacturing methamphetamine.

What is more, none of the documents are new. Clearly, the press release was made public upon its dissemination around the time of Baxter's arrest. The arrest warrant affidavit, the Hayes Branch Trail inventory sheet, and the documents related to the Dickson County defendants, are not new because, as the court in Petitioner's coram nobis proceeding found, Baxter had access to those documents through the State's "open file policy," which "makes the entire case file open to inspection by defense counsel." ² (ECF No. 20-14 at 211.)

Petitioner's argument about the prosecutor's handwritten plea offer is also misplaced. That document is a fax cover sheet, sent to defense counsel, which ostensibly contains the State's plea offer. (ECF No. 20-14 at 148.) Petitioner complains that the offer does not mention the charge of manufacturing methamphetamine. He does not, however, explain how he came to plead guilty to

---

¹ The inventory sheet for the Hayes Branch Trail residence lists several batches of pills by their colors and imprint codes, while the affidavit describes the same pills by their medical or brand names.

² Petitioner alleged in his coram nobis proceeding that the Dickson County documents "were found in the prosecution[']s file of Petitioner's [drug] case #01-915." (ECF No. 20-14 at 50.)

that offense if the prosecutor did not offer that deal. In addition, even if taken at face value, the fax cover sheet does not suggest that Baxter is actually innocent of manufacturing methamphetamine. And for the same reason that the other file documents are not new evidence, this document is also not new.

Finally, there is no merit to Petitioner's allegation that the prosecutor's handwritten notation "no lab" meant that the State did not find a meth lab at the Hayes Branch Trail residence. Petitioner raised this issue in his state coram nobis petition, arguing that the notation was "newly discovered exculpatory evidence." (ECF No. 20-14 at 3.) He alleged that, eleven years after his guilty plea, his "family retrieved the prosecutor[']s file from the records at the Attorney General[']s Office, . . . and discovered prosecutor notes from the . . . file [stating that] there was no 'meth' lab found." (*Id.*) After reviewing the evidence and hearing the parties' statements,[3] the coram nobis court found that the petition was untimely, the evidence was not new, and the notation did not support Baxter's claim that there was "no meth lab." (*Id.* at 211-12.) Regarding the last point, the court found as follows:

> The petitioner claims that new evidence from the state's file in the nature of a note demonstrates that there was no meth lab. However, the note simply stated "no lab" with an arrow drawn to the LSD count of the indictment draft. The word meth is not in the note. The note further states, "Al says Wiltshire says Feds are taking and have lab."
>
> * * *
>
> [T]he State contends [that the note] means there is no laboratory report from the [Tennessee Bureau of Investigation] determining that the substance seized was LSD [and] the same note however clearly states that the 'feds' have a lab. In response to this statement the petitioner clearly asserted [in his video testimony] that there was a meth lab found but in Gibson County not Madison County.
>
> From the statement of the petitioner there was clearly a meth lab found but he disputes the location as being in Gibson County[4] not Madison County. The

---

[3] The coram nobis court "granted the petitioner's request to offer his statement by video conference." (ECF No. 20-14 at 211.)

[4] The record does not explain why Petitioner believed there was a meth lab in Gibson County.

7

>location of the residence is not a matter of exclusive control of the State and is public knowledge. Any dispute as to the location of the meth lab was certainly capable of being determined prior to the petitioner's guilty plea and is not new evidence.

(*Id.*)

Accordingly, Petitioner's allegation that he has newly discovered evidence of his actual innocence is contradicted by the record. He therefore has not established that his case falls within *Lackawanna*'s actual innocence exception.

Petitioner lastly argues that the state courts unjustifiably refused to review properly presented challenges to his drug convictions. (ECF No. 30 at 7-13.) He asserts that his 2004 habeas corpus proceeding was "[in]adequate . . . and . . not full and fair" because his "petition was denied without an evidentiary hearing." (*Id.* at 7 (bolding and italics omitted).) He also complains that his post-conviction proceeding was inadequate because his attorney for that case was ineffective. (*Id.* at 7-9.) His arguments are without merit.

Regarding the state habeas corpus proceeding, the Tennessee Court of Criminal Appeals affirmed the lower court's denial of relief, explaining that the petition did not, on its face, meet the state requirements for habeas corpus relief, and that Petitioner did not, in any event, comply with "procedural requirements." *Baxter*, 2004 WL 2821231, at *1-2. Therefore, the record shows that Petitioner did not properly present his claims through the state habeas vehicle, and the state courts did not unjustifiably refuse to hear them. The latter is also true of the post-conviction court, as the alleged ineffective assistance of counsel simply does not equate to an unjustified refusal by that court to entertain his claims.

Therefore, as the sentence for the drug offenses has expired, Petitioner cannot directly challenge the underlying convictions. And because he has not established that his case falls within any exception set forth in *Lackawanna*, he cannot indirectly attack the convictions on the ground

8

that they were used to enhance his current sentence. Accordingly, the Petition must be dismissed for Baxter's failure to meet the statutory "in custody" requirement. As discussed below, the Petition is also subject to dismissal because it was filed over fifteen years too late.

## II.     Statute of Limitations

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). The time bar is also subject to equitable tolling where the petitioner demonstrates "that he has been pursuing his rights diligently[] and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A valid claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of ... new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298,

9

327 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and "only be applied in the extraordinary case." *Id.* at 321 (internal quotation marks omitted).

In this matter, § 2244(d)(1)(A) applies, which means that the running of the federal limitations period was triggered when Petitioner's convictions became final. Because Baxter did not take a direct appeal (*see* ECF No. 1 at 2), his judgments of conviction, which were entered on December 17, 2001, (*see* ECF No. 20-1 at 1–7), became final thirty days later on January 16, 2002, when the time for filing a notice of appeal expired. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x. 605, 609 (6th Cir. 2013) (a petitioner's conviction becomes final when the time for a direct appeal expires); Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal . . . shall be filed with the clerk of the appellate court within 30 days of entry of the judgment appealed from[.]").

The federal limitations "clock" started the next day, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on January 17, 2003.[5] Baxter did not file his federal Petition until October 15, 2018, more than fifteen years after the limitations period expired.

The inmate does not deny that the Petition is untimely. (ECF No. 1 at 16.) He argues, however, that his actual innocence overcomes the limitations bar. (*Id.*) As discussed above, he

---

[5] Because Petitioner filed his first state post-conviction petition in 2004, statutory tolling under 28 U.S.C. § 2244(d)(2) does not apply. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)) (the federal statutory tolling provision, 28 U.S.C. § 2244(d)(2), "does not . . . 'revive' the limitations period . . ., [but] can only serve to pause a clock that has not yet fully run").

10

has not identified newly discovered evidence suggesting that he is actually innocent of the crimes to which he pleaded guilty. Therefore, he has not overcome his late filing.

Because Petitioner was no longer in custody at the time he filed the Petition, and because that pleading was filed well beyond the expiration of the limitations period, Respondent's motion to dismiss is **GRANTED**. The Petition is **DISMISSED**, and judgment shall be **ENTERED** for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App.

P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[6]

**IT IS SO ORDERED**.

> s/ S. Thomas Anderson
> S. THOMAS ANDERSON
> CHIEF UNITED STATES DISTRICT JUDGE
>
> Date: December 8, 2020.

---

[6] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.